**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JACQUELINE NOWICKI-HOCKEY

    Plaintiff,

vs.

BANK OF AMERICA, a foreign banking corporation

    Defendant.

Case No. 1:11-CV-10482

Hon. Thomas L. Ludington

Magistrate Judge Charles E. Binder

---

| | |
|---|---|
| BLUMBERG AND BLUMBERG, P.C.<br>Attorneys for Plaintiff<br>Elliot J. Blumberg (P34979)<br>P.O. Box 67<br>202 East Main Street<br>Gaylord, MI 49734<br>(989) 732-3534<br>blumberg@freeway.net | Joseph H. Hickey (P41664)<br>Brandon M. Blazo (P71172)<br>Attorneys for Bank of America, N.A.<br>Dykema Gossett PLLC<br>400 Renaissance Center<br>Detroit, MI 48243<br>(313) 568-6979 / FAX (313) 568-6691<br>jhickey@dykema.com<br>bblazo@dykema.com |

---

**ANSWER, AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY DEMAND**

Defendant Bank of America, N.A., being sued as "Bank of America" ("BANA"), through its attorneys, Dykema Gossett PLLC, answers Plaintiff's Complaint as follows:

1.    BANA admits that Plaintiff may hold a deed to property commonly known as 3044 Marrion Street,[1] Lewiston Street, Michigan 49756 (the "Property"), which is located in Albert Township, Montmorency County. BANA affirmatively states, however, that Plaintiff's interest in the Property is subject to a mortgage dated March 14, 1996, which was recorded with the Montmorency County Register of Deeds on April 11, 1996, at Liber 00119, Page 0001 (the

---

[1] The Note and Mortgage indicate that the spelling of the street name is Marrion. A quit

"Mortgage"). BANA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, therefore, denies them as untrue.

2. BANA affirmatively states that it is a national banking association and states that it obtained its interest in the Mortgage from its predecessor, Standard Federal Bank. ABN AMRO Mortgage Group, Inc. was an operating subsidiary of LaSalle Bank Corporation, which also owned LaSalle Bank Midwest, N.A. f/k/a Standard Federal Bank. BANA acquired LaSalle Bank Midwest, N.A. and they merged on October 17, 2008. BANA denies as untrue any remaining inconsistent allegations of the paragraph.

3. Admitted.

4. BANA admits that this Court has the power to stay the sheriff's sale. BANA affirmatively states, however, that it has the right to foreclose on the Mortgage because Plaintiff defaulted, and BANA has complied with the requirements under the Note, Mortgage, and applicable statutes.

5. BANA does not contest the jurisdiction of the United States District Court, Eastern District of Michigan, Northern Division. Nevertheless, BANA denies any liability to Plaintiff and denies as untrue that Plaintiff is entitled to damages.

**COUNT I**

6. BANA incorporates all the preceding paragraphs of its Answer.

7. Upon information and belief, admitted.

8. BANA is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them as untrue.

---

claim deed dated May 25, 2000, however, states that the spelling is Marion.

9. To the extent that Plaintiff is referencing the 1993 mortgage, BANA is without sufficient knowledge or information to form a belief as to the truth of the allegations because it was not a party to that mortgage and, therefore, denies them as untrue. BANA affirmatively states, however, that the Mortgage states that it shall bind and benefit the successors and assigns of Lender.

10. Denied as untrue. BANA affirmatively states that Plaintiff entered into a $45,750.00 mortgage loan (the "Loan") on March 14, 1996, with Standard Federal Bank. In connection with the Loan, Plaintiff and Donald Lee Nowicki executed a promissory note (the "Note") and to secure the indebtedness due under the Note, Plaintiff and Donald Lee Nowicki executed the Mortgage.

11. Denied as untrue. See response to paragraph 2.

12. Denied as untrue. See response to paragraph 2.

13. Denied as untrue. See response to paragraph 2.

14. Denied as untrue. BANA affirmatively states that the payment obligations under the Note began on May 1, 1996.

15. Denied as untrue.

16. BANA admits that it began foreclosure proceedings under paragraph 21 of the Mortgage because Plaintiff defaulted, even though BANA and its predecessors attempted to work out payment plans with Plaintiff over the life the Loan to assist her in becoming current on her payments. BANA denies as untrue the remaining allegations.

17. BANA admits that it scheduled a foreclosure sale, but affirmatively states that the sale has not occurred, even though it has a right under the terms of the Note and Mortgage to foreclose.

18. Denied as untrue.

19. Denied as untrue.

20. Denied as untrue.

21. Denied as untrue.

WHEREFORE, Defendant BANA requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in its favor, and award BANA the costs and attorneys fees it incurred in defending this action.

## COUNT II

22. BANA incorporates all the preceding paragraphs of its Answer.

23. BANA is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them as untrue.

24. BANA is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies them as untrue.

25. Denied as untrue. BANA affirmatively states that it obtained its interest in the Note and Mortgage as described in paragraph 2.

26. Denied as untrue.

27. Denied as untrue.

28. BANA admits that it declared the Loan in default because Plaintiff did not make the required payments. BANA denies as untrue the remaining allegations of the paragraph.

29. Denied as untrue. BANA affirmatively states that it correctly applied and credited the payments received from Plaintiff.

30. Denied as untrue.

WHEREFORE, Defendant BANA requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in its favor, and award BANA the costs and attorneys fees it incurred in defending this action.

## COUNT III

31. BANA incorporates all the preceding paragraphs of its Answer.

32. The Michigan Consumer Protect Act, MCL 445.902, speaks for itself and no response is required. To the extent that a response is required, BANA denies as untrue any allegations inconsistent with the Michigan Consumer Protection Act. BANA further denies as untrue that it violated any applicable statutes.

33. Denied as untrue.

34. Denied as untrue.

WHEREFORE, Defendant BANA requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in its favor, and award BANA the costs and attorneys fees it incurred in defending this action.

## AFFIRMATIVE DEFENSES

A. Plaintiff's Complaint in whole or in part fails to state a claim against BANA upon which relief can be granted.

B. Any and all defenses available under MCL 445.901 *et seq.*

C. Plaintiff is barred from recovery under the Statute of Frauds.

D. Plaintiff's claims are barred by any and all applicable statutes of limitations.

E. Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands, and/or waiver.

F. Plaintiff's damages, if any, were caused by her own negligence, actions and/or omissions, or by the negligence, actions and/or omissions of persons other than BANA, and there

exists no proximate cause between BANA's alleged acts or omissions and Plaintiff's damages, if any.

  G. BANA expressly denies liability to Plaintiff.  Nonetheless, if BANA is found liable to Plaintiff, any amounts which Plaintiff might be entitled to recover against BANA must be reduced to the extent any such damages are attributable to the intervening acts or omissions of persons other than BANA, including, but no limited to, the intervening acts or omissions of Plaintiff.

  H. BANA complied with the requirements of all applicable contracts, statutes, and regulations.

  I. Plaintiff failed to allege any cognizable damages resulting from BANA's alleged acts and/or omissions.

  J. BANA did not owe any legal duty to Plaintiff.

  K. To the extent Plaintiff establishes that BANA violated the terms of any mortgage, note, or any applicable statute or regulation, if at all, such violations were due to bona fide errors or omissions and were otherwise unintentional notwithstanding the maintenance of procedures reasonably adopted to avoid them.

  L. BANA reserves the right to assert cross-claims and/or counterclaims as may become apparent through additional investigation and discovery.

  M. BANA reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

## RELIANCE ON JURY DEMAND

Defendant BANA relies upon Plaintiff's demand for a trial by jury for all issues so triable as of right in the above-captioned matter.

D<small>YKEMA</small> G<small>OSSETT</small> <small>PLLC</small>

By: /s/ Brandon M. Blazo
    Joseph H. Hickey (P41664)
    Brandon M. Blazo (P71172)
    Attorneys for Bank of America, N.A.
    Dykema Gossett PLLC
    400 Renaissance Center
    Detroit, MI 48243
    (313) 568-6979 / FAX (313) 568-6691
    jhickey@dykema.com

Dated: June 8, 2011     bblazo@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed the same by U.S. Postal Service to: Elliot J. Blumberg, P.O. Box 67, 202 East Main Street ,Gaylord, MI 49734.

By: /s/ Brandon M. Blazo
    Brandon M. Blazo
    Dykema Gossett PLLC
    400 Renaissance Center
    Detroit, MI 48243
    (313) 568-6979 / FAX (313) 568-6691
    Email: bblazo@dykema.com
    (P71172)

DET01\929275.2
ID\BB - 074925/0405