UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACQUELINE NOWICKI-HOCKEY,

    *Plaintiff*,

v.

BANK OF AMERICA,

    *Defendant*.
_____/

CASE NO. 11-CV-10482

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
(Docs. 53, 54)

## I.     RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion for summary judgment (Doc. 53) be **GRANTED** and that Plaintiff's motion for summary judgment (Doc. 54) be **DENIED.**

## II.    REPORT

### A.    Introduction

This case was removed from Montmorency County (Michigan) Circuit Court on February 7, 2011. The complaint alleges three counts: (I) injunctive relief to adjourn the sheriff's sale of Plaintiff's real property scheduled for January 6, 2011; (II) breach of contract; and (III) violation of the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.902.

On November 21, 2011, United States District Judge Thomas L. Ludington referred the case for general pretrial case management to the undersigned magistrate judge. (Doc. 28.) On February 10, 2012, the undersigned filed a Report and Recommendation ("R&R") recommending that

Defendant's motion to dismiss (Doc. 27) be granted in part and denied in part, i.e. granted as to Plaintiff's Consumer Protection Act claim (Count III), but denied as to Plaintiff's breach of contract claim (Count II). (Doc. 36.) The R&R also noted that Count I was not a separate claim but instead was a request for relief to be granted as to either of the actual claims delineated in Counts II and III. On February 24, 2012, the R&R was adopted by Judge Ludington. (Doc. 37.) Therefore, the only remaining claim is for breach of contract (Count II).

Discovery proceeded and a stay was entered to allow the parties to pursue settlement negotiations, which were not fruitful. (Docs. 42, 43, 44.) On February 28, 2013, Defendant filed a motion for summary judgment. (Doc. 53.) On the same day, Plaintiff filed a motion for summary judgment. (Doc. 54.) Plaintiff and Defendant responded to each other's motions (Docs. 55, 56) and Defendant replied. (Doc. 57.) Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), the motions are ready for report and recommendation without oral argument.

**B.      Factual Background**

As set forth in the complaint, Plaintiff purchased a parcel of real property known as Lot 19 of the Meridian Heights Subdivision in Montmorency County, Michigan, on July 23, 1993. (Doc. 1 at 8-9.) In order to purchase the property, Plaintiff obtained a mortgage from First of America. (*Id.* at 9.) Plaintiff avers that the mortgage was sold to Standard Federal Bank in 1996. (*Id.* at 9.) Defendant contends that the mortgage was not sold, but rather that Plaintiff received a refinance loan in the original amount of $45,750.00 from Standard Federal Bank on March 14, 1996. (Doc. 27 at 10.) At that time, Plaintiff executed a promissory note and, to secure repayment, Plaintiff granted Standard Federal a mortgage on the property. (Doc. 27 at 10; Ex. 1 (note), Ex. 2 (mortgage).)

Standard Federal thereafter assigned its interest in the mortgage to ABN Amro. In March 2005, Plaintiff entered into a repayment plan with ABN Amro which provided that payments were due in Defendant's office on the date specified and were not subject to any grace period. (Doc. 53-7 at 61, Pg ID 494.) In September 2006, ABN Amro agreed to accept another repayment plan for Plaintiff's mortgage loan. (Doc. 32 at 8-10.) ABN Amro then assigned its interest in the mortgage to LaSalle Bank, and, in August 2008, LaSalle Bank assigned its interest to Bank of America. (Doc. 1 at 9.)

Plaintiff avers that Defendant has "breached the terms of the note and mortgage by failing to post and credit plaintiff's payments," and, because these payments were not credited, she has improperly been defaulted and threatened with foreclosure and sale of her home. (*Id*. at 10.) Plaintiff alleges that as a result of Defendant's breach, she "has been financially damaged." (*Id*.) Plaintiff attached an affidavit indicating that she has "a print-out which shows that Bank of America has received my mortgage payments, however, it has failed to post and credit these payments." (*Id*. at 15.) The "print-out" was attached to the complaint. (*Id*. at 16-25.)

### C.   Motion Standards

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party

has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**D.    Analysis and Conclusions**

Under Michigan law, when interpreting contracts such as mortgages, the goal is to ascertain and enforce the parties' intent according to the plain language of the contract. *New Freedom Mtg. Corp. v. Globe Mtg. Corp.*, 281 Mich. App. 63, 76, 761 N.W.2d 832 (2008). "Clear, unambiguous and definite contract language must be enforced as written and courts may not write a different contract for the parties or consider extrinsic evidence to determine the parties' intent." *Wausau Underwriters Ins. Co. v. Ajax Paving Indus., Inc.*, 256 Mich. App. 646, 650, 671 N.W.2d 539 (2003). Contracts should be construed to give effect to each term or phrase whenever practicable. *Klapp v. United Ins. Group Agency, Inc.*, 468 Mich. 459, 467, 663 N.W.2d 447 (2003). If two provisions irreconcilably conflict, a question of facts exists that precludes summary judgment. *Id.* at 480.

To state a breach of contract claim under Michigan law, a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) a breach of that contract by the defendant; and (3) damages resulting from the defendant's breach. *See Synthes Spine Co., LP v. Calvert*, 270 F. Supp. 2d 939, 942 (E.D. Mich. 2003).

    **1.    Damages**

Defendants contend that Plaintiff has no evidence that she suffered any damages, that her assertion that she was financially damaged in her complaint is insufficient to survive summary judgment, and that when asked about damages during her deposition, she would not answer. (Doc. 53 at 15.) Plaintiff responds that she has suffered financial damages because she has "had difficulty obtaining a mortgage and was required to get a land contract[,]" "was forced to make payments even though the mortgage was paid in full" such that "the base amount owed to plaintiff is $11,995.07[,]" and has suffered "[f]ourteen years of intentional infliction of emotional distress [that] is immeasurable." (Doc. 56 at 14-16.)

Under Michigan law, proof of damages is an essential element of a breach of contract claim. *Auto Indus. Supplier Emp. Stock Ownership Plan v. Ford*, 435 F. App'x 430, 459 (6th Cir. 2011) (citing *Wolverine Upholstery Co. v. Ammerman*, 1 Mich. App. 235, 135 N.W.2d 572, 575-76 (1965)), Michigan law provides that damages recoverable for breach of contract "'are those damages that arise naturally from the breach, or which can *reasonably* be said to have been in contemplation of the parties at the time the contract was made.'" *Lawrence v. Will Darrah & Assoc., Inc.*, 445 Mich. 1, 516 N.W.2d 43 (1994) (emphasis in original; citations omitted). I suggest that Plaintiff's suggested damages resulting from an inability to obtain a future unrelated mortgage are not the type of damages that could reasonably be in the contemplation of the parties when they entered into the promissory note, mortgage, and repayment plans in 2005 and 2006.

In addition, I suggest that Plaintiff is not entitled to damages based on any emotional distress that she has endured. "Emotional damages are not available for breach of contract" under Michigan law. *Kevelighan v. Orlans Associates, P.C.*, 498 F. App'x 469, 476 (6th Cir. 2012). Some cases have recognized an exception to this general rule for contracts of a "personal" rather than commercial or pecuniary nature. *Lane v. KinderCare Learning Ctrs., Inc.*, 231 Mich. App. 689, 693-94, 588 N.W.2d 715 (1998). "Examples of personal contracts include a contract to perform a cesarean section, a contract for the care and burial of a dead body, a contract to care for the plaintiff's elderly mother and to notify the plaintiff in the event of the mother's illness and a promise to marry." *Id.* Although a home may be a personal space, I suggest that the mortgage loan agreement at issue in the instant case falls within the general rule for pecuniary contracts and is not a personal contract. *See Kewin v. Massachusetts Mut. Life Ins. Co.*, 409 Mich. 401, 422-23, 295 N.W.2d 50 (1980) (plaintiff could not recover damages for pain and suffering based on alleged bad faith breach of insurance contract); *Bullard v. Inkster Housing & Devel. Comm'n,* No. 265095,

2007 WL 838940, at *2 (Mich. App. Mar. 20, 2007) (residential lease agreement is not a personal contract that may give rise to noneconomic damages in the event of a breach).

I therefore suggest that the only claim of damages that could properly be considered is Plaintiff's allegation that she "was forced to make payments even though the mortgage was paid in full" such that "the base amount owed to plaintiff is $11,995.07." (Doc. 56 at 14-16.) Plaintiff has proffered a "[f]orensic accounting [] report" by a certified public accountant regarding her residential mortgage which concludes that "the mortgage loan was paid in full on or about April 1, 2008." (Doc. 56, Ex. A.) The report also concludes that as of November 1, 2010, Plaintiff overpaid on her mortgage loan in the amount of $11,995.07. (*Id.*) I suggest that this report showing overpayment on the mortgage loan is a sufficient proffer of evidence on Plaintiff's part to withstand the motion for summary judgment based on Plaintiff's alleged failure to articulate financial damages.[1]

### 2. First Breach

Defendant argues that Plaintiff cannot recover for breach of contract because Plaintiff first breached the relevant promissory note and 2005 and 2006 Plans. (Doc. 53 at 16.) Defendant argues that Plaintiff's own documents and deposition testimony establishes that she "has failed to produce evidence of payment for the following months: April and September of 2005, August and December of 2006, and June 2008." (Doc. 55 at 10 (citing Doc. 53-7, 53-8, Nowicki Dep. at 96:25-97:8 for the June 2008 payment).) In addition, Defendant states that the "evidence Plaintiff *has* produced demonstrates that payments were late in June, July, October, and December 2005, January, March, June, October, and November of 2006, and August 2007." (Doc. 55 at 10 (citing

---

[1] Although Defendant disputes the credentials of Mr. Haiser (the author of the report) and the substantive value of the report's analysis, I suggest that these issues go to the weight the evidence should be given by a factfinder, which is not pertinent at this stage of the case. (Doc. 57 at 2-5.)

7

Doc. 53-7, Doc. 55 at Ex. 3 (loan history) and B-D, Doc. 53-8, Doc. 53 at Ex. G, Nowicki Dep. at 77:22-78:3 (admitting June 2005 payment was late) (emphasis in original)). Plaintiff's response does not address this argument.

"'The rule in Michigan is that one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform.' However, this rule only applies if the initial breach is substantial. To determine whether a substantial breach occurred, a trial court considers 'whether the nonbreaching party obtained the benefit which he or she reasonably expected to receive.'" *Able Demolition v. City of Pontiac*, 275 Mich. App. 577, 585, 739 N.W.2d 696 (2007) (citations omitted). Stated alternatively, a breach is substantial "where the breach has effected such a change in essential operative elements of the contract that further performance by the other party is thereby rendered ineffective or impossible, such as the causing of a complete failure of consideration or the prevention of further performance by the other party." *McCarty v. Mercury Metalcraft Co.*, 372 Mich. 567, 574, 127 N.W.2d 340, 343 (1964). "Michigan case law indicates that the determination of which breaches are 'substantial' is inextricably tied to the particular facts of the case." *Chrysler Int'l Corp. v. Cherokee Exp. Co.,* 134 F.3d 738, 742 (6th Cir. 1998) (applying Michigan law).

Although Plaintiff's response to Defendant's motion for summary judgment asserts that Defendant breached the contract in 1999, 2002,[2] and 2005 forward, I note that the complaint only asserts breaches beginning in 2005. Plaintiff attached an affidavit indicating that she had "a print-out which shows that Bank of America has received my mortgage payments, however, it has failed to post and credit these payments." (Doc. 1 at 15.) The "print-out" was also attached to the

---

[2]Plaintiff references events from 1999 and 2002, including an erroneous letter from Defendant indicating that her loan was paid in full and a foreclosure sale which was rescinded. (Doc. 56 at 3, 5.)

complaint and it references May 2005 forward. (*Id*. at 16-25.) I therefore suggest that Defendant's focus on 2005 forward is appropriate for determining when the "first" breach could have occurred. *See Naples v. Lowellville Police Dep't*, 125 F. App'x 636, 643 (6th Cir. 2005) (claim was "never properly raised by plaintiff because he did not seek to amend the complaint and asserted this new claim for the first time in response to defendants' motions for summary judgment.")

As Defendant noted, Plaintiff admitted during her deposition that the June 2005 payment was late. (Doc. 53, Ex. G at 27-28, transcript pages 77-78, Pg ID 699-700.) Plaintiff's forensic audit also indicated that Plaintiff's June 2005 payment was at least three days late. (Doc. 56 at 28, Ex. A, ID 919.) The audit submitted by Plaintiff also shows that the July 2005 payment was 11 days late and that October 2005 was 5 days late.[3] Plaintiff had been previously advised on March 2, 2005, that payments under the repayment plan were due in Defendant's office on the date specified and were not subject to any grace period. (Doc. 53-7 at 61, Pg ID 494.)

Since any late payment was considered a default on the repayment plan, I suggest that Plaintiff breached the agreement as of June 2005. The audit submitted by Plaintiff first questions Defendant's behavior in July 2006, when Defendant refused payment and returned Plaintiff's check. (Doc. 56 at 29, Ex. A, Pg ID 920.) In addition, Plaintiff's response first questions Defendant's behavior under the 2005 payment plan regarding a $4,300.00 payment made, according to the audit submitted by Plaintiff, on August 25, 2006. (Doc. 56 at 8-9, 29, Ex. A, Pg ID 920.) I therefore suggest that Plaintiff was the first to breach the contract. I further suggest that since late payment equated to default, such a breach was substantial as defined by Michigan law. *See Franklin Bank v. Tindall*, No. 07-137478, at *11-12 (E.D. Mich. Oct. 27, 2008) ("T & C's

---

[3] As of December 12, 2005, Plaintiff was notified that she had failed to comply with the repayment plan and that collection and foreclosure activity had resumed. (Doc. 53-7 at 73, Pg ID 506.) Plaintiff then submitted payment with a check dated December 21, 2005. (Doc. 53-7 at 75, Pg ID 508.)

9

failure to pay the undisputed amounts due under the Business Loan constituted the first substantial breach.") I therefore suggest that Plaintiff is unable to maintain an action against Defendant for any subsequent breaches or failure to perform. *Able Demolition, supra.*

As a result, I suggest that Defendant is entitled to summary judgment on the sole remaining claim for breach of contract. Correspondingly, I suggest that Plaintiff's motion for summary judgment should be denied.

### E.  Conclusion

Accordingly, I suggest that Defendant's motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied and that the case be dismissed in its entirety.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely-filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with

the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/ Charles E Binder
                                              CHARLES E. BINDER
Dated: June 6, 2013                             United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and on the following non-ECF participant via the United States Postal Service: Jacqueline Nowicki-Hockey, 8688 Bridlewood Trail, Howell, MI 48843-6340.

Date: June 6, 2013                        By    s/Patricia T. Morris
                                                             Law Clerk to Magistrate Judge Binder