UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACQUELINE NOWICKI-HOCKEY,

        Plaintiff,                        Case No. 11-cv-10482

v.                                                  Honorable Thomas L. Ludington

BANK OF AMERICA

        Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On February 7, 2011, Defendant Bank of America removed this case from Montmorency Circuit Court. In January 2011, Bank of America was scheduled to foreclose on Plaintiff Jacqueline Nowicki-Hockey's property because she had missed several monthly mortgage payments in 2010. Plaintiff filed the present lawsuit to enjoin Bank of America from foreclosing on the property. Plaintiff alleges that her mortgagee, Bank of America's predecessor, had breached the terms of the mortgage and promissory note first by failing to post and credit her monthly mortgage payments in 1999, 2002, and 2005. Plaintiff asserts that because Bank of America breached the mortgage terms first, it cannot now foreclose on her property because she missed her mortgage payments in 2010. In response, Bank of America claims that Plaintiff breached the mortgage terms first by failing to pay her mortgage payments as early as 2005.

        The Court referred this case to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b) for general case management. On February 29, 2013, Plaintiff and Defendant each filed a motion for summary judgment. Judge Binder issued a report recommending that the Court

grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment.

Plaintiff timely filed objections to the report and recommendation, and Defendant responded. For the reasons that follow, the Court will adopt the report and recommendation and Plaintiff's objections will be sustained in part and overruled in part. Defendant's motion for summary judgment will be granted.

I

Plaintiff purchased Lot 19 of Meridian Heights Subdivision in Montmorency County. To finance the purchase, Plaintiff obtained a mortgage through First of America. Plaintiff refinanced this loan in 1996. At that time, Plaintiff executed a $45,750.00 promissory note in favor of Standard Federal Bank and granted Standard Federal Bank a mortgage on the property. *See* ECF No. 53 Ex. A.

Plaintiff's monthly mortgage payments were due on the first day of each month, and the mortgage note stated that failure to pay a monthly payment on that day would put the Plaintiff in default. *Id.* ¶ 6. The mortgage note provided that upon notice of default, the full amount of the principal and interest due on the note could be accelerated. *Id*.

Standard Federal Bank assigned its interest in the mortgage to ABN Amro. In March 2005, Plaintiff entered into a repayment plan with ABN Amro that specified that the monthly payments were not subject to any grace period. ECF No. 53 Ex. C. In July 2006, ABN Amro accelerated Plaintiff's indebtedness and initiated foreclosure proceedings. *Id*. In September 2006, ABN Amro agreed to accept another repayment plan for Plaintiff's mortgage loan. *Id*. The repayment plan suspended the pending foreclosure proceedings and stated that the mortgagee " is entitled to recommence foreclosure at the point the foreclosure was suspended if you default on

the repayment plan. *Id.* ABN Amro then assigned its interest in the mortgage and promissory note to LaSalle bank, who in turn assigned its interest to Bank of America in 2008.

In February 2010, an attorney for Bank of America sent notice to Plaintiff that her mortgage payments were delinquent, the loan balance had been accelerated, and the full amount of the loan was due. ECF No. 35 Ex G. A sheriff's sale was scheduled to take place on January 6, 2011. In response, Plaintiff filed this action in Montmorency County Circuit Court and obtained a temporary injunction staying the sheriff's sale. *See* ECF No. 1 Ex. 1.

After removing the action, Defendant filed a motion to dismiss for failure to state a claim. *See* ECF No. 27. Judge Binder recommended granting Defendant's motion to dismiss as to Plaintiff's Consumer Protection claim (Count III) but denying the motion as to Plaintiff's breach of contract claim (Count II). ECF No. 36 at 1. Judge Binder's recommendation also noted that Count I, which requested a temporary restraining order, was not a separate claim but instead was a request for a particular remedy granted on the substantive claims articulated in Count II or III. *Id.* at 4. The Court adopted the report and recommendation on February 24, 2012. *See* ECF No. 37.

Following discovery, both Defendant and Plaintiff moved for summary judgment on the remaining breach of contract claim. Judge Binder issued a report recommending that the Court grant Defendant's motion for summary judgment and deny Plaintiff's. Plaintiff timely filed objections to the report, and Defendant responded.

**II**

The Court makes a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

A party must file specific objections to the report or the party's right to further review will be waived. *Thomas*, 474 U.S. at 151.

### III

Judge Binder recommends that the Court grant Defendant's motion for summary judgment because Plaintiff breached the promissory note first, thereby prohibiting her from recovering for breach of contract. Plaintiff filed seven objections to Judge Binder's recommendation, and the Court will address each in turn.

### A

Plaintiff's first, second, and fourth objections are to Judge Binder's conclusion that Plaintiff violated the promissory note's terms first. Judge Binder reasoned that because Plaintiff did not provide any evidence of mortgage payments before 2005, the "focus on 2005 forward is appropriate for determining when the 'first' breach could have occurred." Rep. & Rec. 9.

Here, both parties assert that the other party breached the promissory note's terms first. Because the party that breaches a contract first cannot maintain an action against the other party for a subsequent breach, this case turns on which party breached first and when. If Bank of America breached the promissory note first by failing to extend credit to Plaintiff for payments the lender had received and accepted, it would not be permitted to foreclose on the property when Plaintiff subsequently breached by not paying the mortgage payments. Conversely, if Plaintiff breached first, she could not enjoin Bank of America from foreclosing on her property. Therefore, the time period relevant to the events in this case plays a significant role.

The relevant time period begins in 1996, when Plaintiff signed the promissory note in favor of Standard Federal Bank. Plaintiff's complaint asserts that she has "made her monthly payments in a timely manner" and does not expressly limit her claims to the year 2005 and

beyond. Although Plaintiff has not provided evidence of Bank of America's supposed breach before 2005, her first objection, that the complaint asserts breaches before 2005, is sustained because that is indeed what she alleged.

Although the relevant time period begins in 1996, Judge Binder's ultimate conclusion that Plaintiff breached the promissory note first is, however, correct. Plaintiff claims that Defendant breached the promissory note in 1999, 2002, and 2005, but she does not present any evidence of these breaches.

i

As to the alleged breach in 1999, Plaintiff produced a letter from Defendant indicating that her loan was paid in full. Pl.'s Mot. Summ. J. Ex. 3. Plaintiff argues that Defendant did not accept her monthly payment, thereby breaching the promissory note.

"The rule in Michigan is that one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." *Flamm v. Scherer*, 198 N.W.2d 702, 706 (Mich. Ct. App. 1972). This rule, however, "only applies when the initial breach is substantial." *Michaels v. Amway Corp.*, 522 N.W.2d 703, 707 (Mich. Ct. App. 1994). A breach is substantial "where the breach has effected such a change in essential operative elements of the contract that further performance by the other party is thereby rendered ineffective or impossible, such as the causing of a complete failure of consideration or the prevention of further performance by the other party." *McCarty v. Mercury Metalcraft Co.*, 127 N.W.2d 340, 343 (Mich. 1964). "Michigan case law indicates that the determination of which breaches are 'substantial' is inextricably tied to the particular facts of the case." *Chrysler Int'l Corp. v. Cherokee Exp. Co.*, 134 F.3d 738, 742 (6th Cir.1998).

Based on the undisputed facts in the current record, ABN Amro's failure to accept the 1999 monthly payment was not a substantial breach of the promissory note. Plaintiff is not arguing that she paid the $45,750.00 mortgage note in 1999. On the contrary, the letter rejecting her payment was sent to her in error, and both parties continued to perform under the promissory note. The essential operative elements of the promissory note remained in effect: Plaintiff's property remained encumbered by the mortgage. The breach did not prevent "further performance" by Plaintiff because she continued to pay the monthly mortgage payments. ABN Amro's error was not a substantial breach, and it cannot be the basis of Plaintiff's breach of contract claim.

## ii

Plaintiff next alleges that Defendant breached the promissory note in 2002 by not accepting her May 2002 mortgage payment. Plaintiff presents a copy of a check dated May 16, 2002 and a print-out of a UPS tracking receipt showing delivery of the check on May 17, 2002. Pl.'s Mot. Summ. J. Ex. 4 & 5. This evidence does not illustrate that Defendant breached the promissory note; rather, it illustrates that Plaintiff did.

First, the documentation that Plaintiff provides—a copy of a check and a UPS tracking receipt—show only that Plaintiff attempted to pay her May 2002 mortgage payment. She does not provide any documentation showing that Defendant did not accept the payment or that Defendant did not properly credit Plaintiff's account. Plaintiff therefore has not presented sufficient evidence showing the existence of an element essential to her case—that Defendant's breached the promissory note in May 2002 by not accepting her attempted payment.

Furthermore, not only does Plaintiff's documentation fail to show that Defendant breached the promissory note, it instead shows that *Plaintiff* breached the promissory note.

Defendant had no obligation to accept Plaintiff's May 2002 mortgage payment because Plaintiff's mortgage payment was late. According to the terms of the promissory note, Plaintiff's monthly payments were due on the "1st day of each month." Pl.'s Mot. Summ. J. Ex. 2 at ¶ 3. The promissory note states that "[i]f [Plaintiff] does not pay the full amount of each monthly payment on the date it is due, [Plaintiff] will be in default." *Id*. at ¶ 6.

In May 2002, Plaintiff did not attempt to pay her monthly mortgage payment until almost two weeks after it was due. Plaintiff did not mail her May 2002 mortgage payment until May 16, and the payment was not delivered until the next day, May 17. Pl.'s Mot. Summ. J. Ex. 5. Plaintiff's May 2002 mortgage payment was late, and therefore Plaintiff was in default under the terms of the promissory note. Because Plaintiff was in default under the promissory note, Defendant did not have an obligation to accept the late payment.

### iii

Plaintiff alleges that Defendant breached the promissory note in February and March 2005. Plaintiff claims that in February 2005, Defendant instituted unlawful foreclosure proceedings and did not respond when she disputed the validity of the claim. To support her claim, Plaintiff proffers a letter from the debt collection firm that commenced foreclosure proceedings. *See* Pl.'s Mot. Summ. J. Ex. 19. The letter states that Plaintiff owed a total of $49,047.46 and that she could dispute the validity of the debt within 30 days after receipt of the letter. *Id.*

The proffered letter does not support Plaintiff's claim that Defendant *unlawfully* instituted foreclosure proceedings, just that Defendant did in fact institute foreclosure proceedings. Plaintiff has not provided evidence that this foreclosure was a result of Defendant's

refusal to credit or accept her payments in violation of the promissory note, and therefore Plaintiff has not shown that Defendant breached the promissory note in February 2005.

Plaintiff's next claim, that Defendant breached the promissory note in March 2005, fails for the same reason—she has not offered evidence to show that Defendant breached the promissory note. She claims that Defendant breached the promissory note when it failed to post and credit Plaintiff's March 2005 payment. The only documentation Plaintiff provides, however, is a Western Union receipt acknowledging that she sent the payment on March 7, 2005. Obj. Ex. 4. She does not provide evidence that Defendant rejected the payment or that Defendant did not post the payment to her account. Plaintiff has not proffered any evidence of Defendant's alleged breach in March 2005.

### iv

On the other hand, Defendant has provided unchallenged evidence that Plaintiff breached the promissory note in June 2005. Plaintiff admitted in here deposition that the June 2005 payment was late. Def.'s Mot. Summ. J. Ex. G at 27-28. As explained above, any late payment is considered a default under the promissory note. *See* Pl.'s Mot. Summ. J. Ex. 2 at ¶ 6. In addition, Plaintiff had been warned in March 2005 that payments were due by the deadline and were not subject to any grace period. Def.'s Mot. Summ. J. Ex. G at 61. Therefore, Defendant has provided sufficient evidence to show that Plaintiff breached the promissory note in June 2005.[1] Because the first party to substantially breach a contract may not maintain an action against another party for subsequent breaches, Plaintiff cannot maintain a breach of contract claim against Defendant.

---

[1] This 2005 breach was not the basis for the 2011 foreclosure attempt by Bank of America.

**B**

Plaintiff's third objection claims that she was forced to sign a repayment plan under duress, placing the enforceability of the repayment plan at issue. Plaintiff claims that despite "making payments required pursuant to the note and mortgage on May 16, 2002 [she] entered into forbearance agreement under duress for fear of foreclosure . . . ." Pl.'s Mot. Summ. J. 4.

To prevail on a claim for duress, the party "must establish that they were illegally compelled or coerced to act by fear of serious injury to their persons, reputations, or fortunes." *Nw. Michigan Law Firm, P.C. v. McLain*, 2010 WL 1255814, at *2 (Mich. Ct. App. Apr. 1, 2010). Duress only exists "when one by the unlawful act of another is induced to make a contract or perform some act under circumstances which deprive him of the exercise of free will." *Beachlawn Bldg. Corp. v. City of St. Clair Shores*, 121 N.W.2d 427, 429-30 (Mich. 1963). Importantly, "[f]ear of financial ruin alone is insufficient to establish economic duress; it must also be established that the person applying the coercion acted unlawfully." *Farm Credit Servs. Of Michigan's Heartland, PCA v. Weldon*, 591 N.W.2d 438, 447 (Mich. Ct. App. 1998); *see Enzymes of Am. V. Deloitte, Haskins & Sells*, 523 N.W.2d 810, 814 (Mich. Ct. App. 1994) ("Illegality is an element of duress.").

Plaintiff's allegations do not satisfy the requirements for duress under Michigan law. Plaintiff has not alleged that Defendant acted illegally, only that it acted in breach of contractual obligations. Plaintiff has not pleaded any type of illegal compulsion requiring her to sign the repayment plan, and therefore she cannot prevail on a claim of duress. Plaintiff's third objection is overruled.

**C**

Plaintiff's fifth objection states that the "Magistrate disregarded the CPA Forensic Certified Report and Mr. Haiser's statement for this honorable court and suggest the evidence be given [to] a fact finder." [sic throughout] Obj. 4.

Contrary to Plaintiff's objection, the magistrate judge considered both the CPA Forensic Report and Mr. Haiser's statements. The magistrate judge expressly relied on Mr. Haiser's conclusion that "the mortgage loan was paid in full on or about April 1, 2008," before concluding that Plaintiff had proffered enough evidence to survive a summary judgment motion concerning Plaintiff's alleged failure to articulate damages. Rep. & Rec. at 7.

Although issues regarding Mr. Haiser's credibility are for a factfinder, Plaintiff's claim does not survive summary judgment. As explained above, Plaintiff breached the promissory note first in 2005, and therefore she cannot maintain a breach of contract claim against Defendant. Plaintiff's fifth objection is therefore overruled.

**D**

Plaintiff's sixth objection states that the "Magistrate Judge failed to address item No. 27 and No. 28 of the Complaint that Defendant has breached the terms of the note by failing to post and credit payments in a manner consistent with recorded documents." Obj. 4. Plaintiff's sixth objection is disingenuous. The crux of Plaintiff's lawsuit is that Defendant failed to post and credit her mortgage payments in breach of the promissory note. The magistrate judge repeatedly addressed this argument and even cited paragraphs 27 and 28 of the Complaint in his report and recommendation. *See* Rep. & Rec. 3, 8 ("Plaintiff avers that Defendant 'has breached the terms of the note and mortgage by failing to post and credit plaintiff's payments,' and, because these payments were not credits, she has improperly been defaulted and threatened with foreclosure

and the sale of her home."). The magistrate explicitly addressed the arguments set out in paragraphs 27 and 28 of the Complaint, and therefore Plaintiff's sixth objection is overruled.

E

Plaintiff's final objection states that the "Magistrate Judge disregarded that the loan is paid in full and failed to address Defendant['s] wrongful foreclosure claimed." Again, contrary to Plaintiff's assertion, the magistrate judge addressed this claim in his report and recommendation. In holding that Plaintiff had asserted a claim for damages, the magistrate judge stated that "the only claim for damages that could be properly considered is Plaintiff's allegation that she 'was forced to make payments even though the mortgage was paid in full'. . . ." Rep. & Rec. 7. The magistrate judge also considered Mr. Haiser's report: "this report showing overpayment on the mortgage loan is a sufficient proffer of evidence on Plaintiff's part to withstand the motion for summary judgment based on Plaintiff's alleged failure to articulate financial damages." *Id*. Plaintiff's seventh objection will be overruled.

IV

Although Plaintiff's objection that the relevant time period began in 1996 will be sustained, Plaintiff's remaining objections are overruled. Plaintiff has not proffered sufficient evidence that Defendant breached the promissory note to survive a motion for summary judgment. Defendant, however, has proffered undisputed evidence that Plaintiff breached the promissory note in June 2005. Because Plaintiff breached the promissory note first, she cannot maintain a breach of contract claim against Defendant, and Defendant is entitled to summary judgment.

Accordingly, it is **ORDERED** that Plaintiff's objections to the magistrate judge's report and recommendation are **SUSTAINED IN PART AND OVERRULED IN PART**. Plaintiff's

objection that the relevant time period began in 1996 is **SUSTAINED**. Plaintiff's six remaining objections are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation (ECF No. 58) is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment (ECF No. 54) is **DENIED**.

It is further **ORDERED** that Defendant's motion for summary judgment (ECF No. 53) is **GRANTED**.

                                           s/Thomas L. Ludington  
                                           THOMAS L. LUDINGTON  
                                           United States District Judge

Dated: January 31, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Jacqueline Nowicki-Hockey, at 8688 Bridlewood Trail, Howell, MI 48843-6340 by first class U.S. mail on January 31, 2014.

                             s/Tracy A. Jacobs  
                             TRACY A. JACOBS